[Crim. No. 3477.   Second Dist., Div. One.   July 18, 1941.]

THE PEOPLE, Respondent, v. RAYMOND FLETCHER, Appellant.

Curtis C. Taylor for Appellant.

Earl Warren, Attorney General, and Bayard Rhone, Deputy Attorney General, for Respondent.

WHITE, J.—■ Upon this appeal from a judgment of conviction of the crime of grand theft, after trial before the court without a jury, the sole ground of reversal urged is that the evidence is insufficient—specifically, that the testimony of the complaining witness is so ''palpably weak and inherently improbable'' as to amount to no substantial evidence at all. This contention cannot be upheld. The complaining witness testified that on February 10, 1941, between 6:30 and 7 o'clock in the evening, the defendant came up behind her as she was about to enter the back door of her home, and snatched her purse, which contained $53 in cash and other articles. She testified that she then saw his face; that she followed him around the building to the corner where he entered a car and drove away; that the defendant had nothing covering his face; that she saw his face from a distance of about two feet; and that she next saw the defendant at the police station about a week after the commission of the crime. Upon cross-examination the witness testified in part as follows:

'' . . . A. He was near enough I snatched the purse away from him, and he took it away from me again. Q. You snatched the purse away from him? A. Yes. Q. And he snatched it again? A. He snatched it again, that is right. Q. And all this time you saw him in his face, is that right?

A. He was toward me, yes. Q. What was it? A. He was turned toward me, yes. Q. Turned toward you. Did you see his face at all times? A. Yes, I could see his face. . . . Q. Now, what was there about the man whom you saw that night that made you feel that he was the same man you saw at the police station? A. Why, I saw his face. Q. You saw his face. A. Yes, I saw his face. Q. Is this the same face you saw? A. That is the same man. Q. And on what do you base the fact that this is the same man you saw that evening; what is there about his face that makes you say that it is the same face? A. It is the same man I saw. Q. And your identification is due to the fact you know by this man's face it is the same man? A. Yes. Q. Is that right? A. Yes. Q. You just know it? A. I recognize the person, yes. . . . "

■ The strength or weakness of the identification was a matter addressed to the consideration of the trier of fact, and his conclusion in that regard cannot be disturbed by this court unless we can say, as a matter of law, that there was no evidence to support the conviction. (*People* v. *Farrington*, 213 Cal. 459 [2 Pac. (2d) 814] ; *People* v. *Hightower*, 40 Cal. App. (2d) 102, 106 [104 Pac. (2d) 378].) The defendant's denial from the stand that he committed the crime, as well as the testimony introduced in support of his alibi, created but a conflict with the evidence of the people, and it was the function of the trial court to resolve such conflict either for or against the defendant.

■ The trial court also found, as charged in the information, that the defendant had theretofore been convicted of a felony and had served a term of imprisonment therefor. In his closing brief appellant asserts for the first time that there is no evidence in the record that he served a term of imprisonment. This claim is without foundation. From the record it appears that a certified transcript of the prison records was introduced in evidence, and defendant upon the stand admitted that he had served time.

An examination of the entire record discloses no prejudicial error. The judgment is affirmed.

Doran, Acting P. J., concurred.